UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

ABDEL EMIR, and other similarly situated individuals,

    Plaintiff(s),

v.

DATA STREAM MOBILE TECHNOLOGIES, INC. and SEAN LEE,

    Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff ABDEL EMIR (the "Plaintiff") and other similarly situated individuals sue defendants DATA STREAM MOBILE TECHNOLOGIES, INC. and SEAN LEE (collectively, the "Defendants") and allege:

### I. JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the "Act" or the "FLSA").

### II. VENUE

2. The Defendant DATA STREAM MOBILE TECHNOLOGIES, INC. (the "Corporate Defendant") is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

3. The Plaintiff is a covered employee for purposes of the Act.

4. The Corporate Defendant and SEAN LEE (the "Individual Defendant"), at all times material hereto, were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Broward County, Florida.

5. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants have their principal place of business within the district and because the employment records of the Plaintiff are stored or have been administered, in Broward County, Florida.

### III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all times material, the Plaintiff was employed by the Corporate Defendant as a field technician from approximately June 4, 2021, through December 31, 2021.

7. Plaintiff is not an exempt employee under the FLSA.

8. When Plaintiff worked for the Defendants, he worked approximately 50 hours per week on average.

9. For his work, Corporate Defendant compensated Plaintiff at a rate of $18 per hour, or a total of $900 per week.

10. However, Defendants did not pay Plaintiff time and one half for hours that he worked in excess of 40 per week. Defendants did not pay Plaintiff any overtime.

11. All conditions precedent to bringing this action have occurred, been performed or been excused.

12. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANT) – FLSA

13. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 12 above as if set out in full herein.

14. The Plaintiff is a covered employee for purposes of the Act.

15. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

17. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

19. Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a company engaged in the business of providing broadband and internet installation and maintenance services in and outside of Florida and, through its business activity, affects interstate commerce.

21. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a field technician for the Corporate Defendant's business.

22. While employed by the Corporate Defendant, the Plaintiff worked approximately an average of **50** hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a field technician performing the same or similar duties as that of those other similarly situated field technicians whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

23. In total, the Plaintiff worked approximately **29** compensable weeks under the Act, or 29 compensable weeks if counted 3 years back from the filing of the instant action.

24. The Corporate Defendant paid the Plaintiff on average approximately $18 per hour.

25. However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

26. The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

27. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is as follows:

   a. Actual Damages: $5,220

       i. <u>Calculation</u>: $18 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 29 (compensable weeks) = $2,610;

   b. Liquidated Damages: $2,610.

   c. Total Damages: $5,220 plus reasonable attorneys' fees and costs of suit.

28. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to

the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

29. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

31. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## **COUNT II: UNPAID OVERTIME (INDIVIDUAL DEFENDANT) – FLSA**

32.  The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 12 above as if set out in full herein.

33.  The Plaintiff is a covered employee for purposes of the Act.

34.  This count is against the Individual Defendant only.

35.  This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

37.  Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum.

38.  Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

39. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant.

40. While employed by the Corporate Defendant, the Plaintiff worked approximately an average of **50** hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a field technician performing the same or similar duties as that of those other similarly situated field technicians whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

41. In total, the Plaintiff worked approximately **29** compensable weeks under the Act, or 29 compensable weeks if counted 3 years back from the filing of the instant action.

42. The Corporate Defendant paid the Plaintiff on average approximately $18 per hour.

43. However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

44. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is: $5,220 plus reasonable attorneys' fees and costs of suit.

45. The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those

similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

46. At the times mentioned, the Individual Defendant was, and is now, the owner and or main officer of the Corporate Defendant.

47. Individual Defendant was Plaintiff's direct boss.

48. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated.

49. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his work schedule, and is jointly liable for the Plaintiff's damages.

50. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

51. The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

52. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

Dated: September 7, 2022.

        Respectfully submitted,

**By:  /s/Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com


SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*